UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ALEXANDER ROMERO CARRETO | CIVIL ACTION NO. 25-1809 SEC P |
| VERSUS | JUDGE EDWARDS |
| PAMELA BONDI ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM RULING AND ORDER

Before the Court is an Emergency Motion for Temporary Restraining Order ("Motion") (R. Doc. 7) filed by the habeas petitioner in this case, Alexander Romero Carreto ("Petitioner"). On November 19, 2025, this Court ordered an expedited briefing schedule.[1] Thereafter, Respondents (sometimes the "Government") filed their Response to Petitioner's Motion.[2] Petitioner replied.[3]

After carefully considering the parties' memoranda and the applicable law, the Motion (R. Doc. 7) is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND[4]

Petitioner, a Guatemalan national, entered the United States at an unknown location more than fourteen years ago.[5] Since that time, he has resided in the Maryland area.[6] On September 10, 2025, U.S. Immigration and Customs Enforcement ("ICE") officials detained Petitioner in Maryland on his way home from

---

[1] R. Doc. 8.
[2] R. Doc. 15.
[3] R. Doc. 16.
[4] The facts below are taken from Petitioner's Motion and the Government's Response.
[5] *See* R. Doc. 7-1 at 11; *see also* R. Doc. 15 at 9.
[6] *See* R. Doc. 7-1 at 6.

work.[7] Petitioner was served with a Notice to Appear on September 12, 2025, charging him with violations of sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I).[8] On October 3, 2025, Petitioner was transferred to the Jackson Parish Correctional Center in Jonesboro, Louisiana, where he remains detained.[9] Petitioner was brought before an immigration judge for a master calendar hearing on November 17, 2025, and his next master calendar hearing is scheduled for December 9, 2025.[10] Importantly, Petitioner has not received a bond hearing.[11]

Petitioner filed the instant Motion on November 19, 2025, seeking only his immediate release from detention on the grounds that his detention is unlawful because he has not been provided a bond hearing.[12]

## LAW AND ANALYSIS

### I. Jurisdiction

Respondents challenge this Court's jurisdiction under 8 U.S.C. §§ 1252 and 1226(e)—an issue we must decide first.[13] Respondents argue that this Court lacks jurisdiction over Petitioner's request because his request is a "collateral attack on his

---

[7] *See id.*

[8] *See* R. Doc. 1-2 at 5. Under INA § 212(a)(6)(A)(i), Petitioner was charged as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designed by the Attorney General. Under INA 212(a)(7)(A)(i)(I), Petitioner was charged as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

[9] *See* R. Doc. 7-1 at 6, 13.

[10] *See* R. Doc. 15 at 9.

[11] R. Doc. 7-1 at 14.

[12] *See* R. Doc. 7 at 1–2. Petitioner does not seek an order from the Court directing the Government to provide him with a bond hearing.

[13] *See Calogero v. Shows, Cali & Walsh, L.L.P.*, 95 F.4th 951, 958 (5th Cir. 2024); *see Martinez v. Trump*, 2025 WL 3124847, at *1 (W.D. La. Oct. 22, 2025) (internal citations omitted).

removal proceedings."[14] Respondents contend that § 1252(b)(9) precludes this Court's review.[15] Incorrect. Section 1252(b)(9) relates to "questions of law and fact … arising from any action taken or proceeding brought to remove an alien from the United States…."[16] In deciding "whether … certain statutory provisions require[d] detention without a bond hearing[,]" the plurality opinion in *Jennings v. Rodriguez* held that § 1252(b)(9) did not bar review of a habeas petitioner's challenge to mandatory detention under 8 U.S.C. § 1225(b).[17] The *Jennings* Court further concluded that an expansive interpretation of § 1252(b)(9), like the one that Respondents ask this Court to adopt, would make claims—such as claims for a bond hearing—effectively unreviewable.[18] Thus, § 1252(b)(9) does not divest this Court's jurisdiction.[19]

Respondents also argue that "Section 1252(g) is equally categorical" as it bars a court's jurisdiction over any cause or claim regarding the Government's decision "to commence proceedings, adjudicate cases, or execute removal orders against any alien."[20] This argument also fails. The Supreme Court has previously dispensed with

---

[14] *See* R. Doc. 15 at 29.

[15] *See id.*

[16] 8 U.S.C. § 1252(b)(9).

[17] *Jennings v. Rodriguez*, 583 U.S. 281, 292–93 (2018) (holding that an "expansive interpretation of § 1252(b)(9) would lead to staggering results").

[18] *Id.* at 294–95; *see also Martinez*, 2025 WL 3124847, at *2 (holding that § 1252(b)(9) is inapplicable to "a dispute over the availability of bond"); *see also Miguel v. Noem*, 2025 WL 2976480, at *3 (N.D. Ill. Oct. 21, 2025) (holding that stripping a court's jurisdiction would effectively make claims "unreviewable because by the time the final order was entered, the opportunity for a bond hearing would have already passed"); *see also Delcid v. Noem*, 2025 WL 3251139, at *3 (W.D. Mich. Nov. 21, 2025) (concluding "that § 1252(b)(9) does not divest" a court's jurisdiction to review a petitioner's challenge to their "entitlement to a bond hearing").

[19] *See Rodriguez v. Bostock*, 2025 WL 2782499, at *10 (W.D. Wash., Sept. 30, 2025) (citing *Jennings*, 583 U.S. at 291–92 ("[T]he Supreme Court has directly considered and rejected the argument that section 1252(b)(9) bars review of legal questions concerning the detention provision of sections 1225 and 1226.").

[20] *See* R. Doc. 15 at 29.

Respondents' argument as "implausible" since § 1252(g) is limited to decisions "to commence proceedings, adjudicate cases, or execute removal orders" and does not impose "a general jurisdictional limitation."[21] The Fifth Circuit has confirmed that § 1252(g) only applies to "the Attorney General's discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders."[22] Since Petitioner is not challenging the discretionary decision of the Attorney General in the prosecution, adjudication, or execution of a removal order, this Court's review is not precluded by § 1252(g).[23]

Lastly, Respondents contend that § 1226(e) precludes this Court's review because "Petitioner is directly challenging the Attorney General's decision to detain him under section 235 and the Immigration Judge's denial of a section 236(a) bond hearing."[24] For the third time, incorrect. Section 1226(e) relates to aliens challenging their immigration detention and provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."[25] Respondents fail to realize that "[t]his is unlike a case in which a bond hearing was held, an individualized assessment was made regarding the appropriateness of

---

[21] *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quoting *Reno v. American-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999)); *see* 8 U.S.C. § 1252(g).

[22] *Duarte v. Mayorkas*, 27 F.4th 1044, 1055 (5th Cir. 2022) (citing *Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999)).

[23] *See Guerrero Orellana v. Moniz*, 2025 WL 2809996, at *4 (D. Mass. Oct. 3, 2025) (holding that § 1252(g) did not apply to challenge of prolonged detention without a bond hearing).

[24] *See* R. Doc. 15 at 31.

[25] 8 U.S.C. § 1226(e).

detaining a noncitizen, and, in the [immigration judge's] discretion, they were denied bail."[26] Indeed, in such a scenario, this Court would lack "jurisdiction to consider a collateral attack on that denial."[27] Respondents' suggestion that a denial of a bond on legal grounds strips this Court of jurisdiction under § 1226(e) is wholly misplaced.[28] Thus, § 1226(e) is not at play under these facts.

## II.    Whether a TRO Should be Issued

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest.[29] Elements three and four merge "when the Government is the opposing party."[30] The decision of whether to grant or deny a Temporary Restraining Order lies in the district court's discretion.[31]

### A.  Likelihood of Success on the Merits

Petitioner argues that 8 U.S.C. § 1226 governs his detention and affords him a bond hearing.[32] He asserts that, to be detained under § 1225(b) as the Government contends, an alien must be seeking entry or admission at a port of entry or border.[33]

---

[26] *Lopez-Arevelo v. Ripa*, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22, 2025).
[27] *Id.* (citing *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019)).
[28] *See* R. Doc. 15 at 31.
[29] *See Misquitta v. Warden Pine Prairie ICE Processing Center*, 353 F. Supp. 3d 518, 521 (W.D. La. Nov. 16, 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)).
[30] *Nken v. Holder*, 556 U.S. 418, 435–36 (2009).
[31] *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).
[32] *See* R. Doc. 7-1 at 15–16.
[33] *Id.*

As the Government is detaining Petitioner under the mandatory provisions of § 1225(b), Petitioner claims that his detention is unlawful.[34] Respondents take the position that Petitioner is "properly detained under § 1225(b)(2) because he unambiguously meets every element in the text of the statute…."[35] Respondents also state that Petitioner is an applicant for admission and seeking admission and lawful entry as defined by § 1225(b)(2)(A).[36]

To begin, Judge Rodriguez in the Western District of Texas recently pointed out that "[t]his is not a matter of first impression. In recent months, courts across the country … have rejected Respondents' broad interpretation of Section 1225(b)(2)."[37] "These opinions rely on several rationales, from statutory language and context to legislative history and longstanding agency practice."[38] This Court agrees with Judge Rodriguez that the opinions of these courts across the country are "generally persuasive and [this Court] will not restate every rationale therein."[39] Instead, this Court will address the two reasons that undercut the Government's position: the statutory language of § 1225(b)(2) and the Supreme Court's analysis of §§ 1225(b) and 1226(a) in *Jennings*.[40]

---

[34] *Id.* at 15.

[35] *See* R. Doc. 15 at 16.

[36] *See id.* at 16–17.

[37] *Granados v. Noem*, 2025 WL 3296314, at *5 (W.D. Tex. Nov. 26, 2025) (collecting cases).

[38] *Id.* (collecting cases).

[39] *Id.* at *6 (citing *Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement.")).

[40] *Id.*

The Court's analysis begins with the statutory text and its plain meaning.[41] Section 1225(b)(2) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings.[42] Under § 1225(b)(2), detention is required if "(1) the person is an 'applicant for admission'; (2) the person is 'seeking admission'; and (3) an 'examining immigration officer determines' the person 'is not clearly and beyond a doubt entitled to be admitted.'"[43]

As recognized by Judge Rodriguez, the key terms in § 1225(b)(2)(A) that direct this Court's analysis are defined in statute:

> The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13)(A).[44]

The statutory definitions of these terms and their plain meaning are dispositive here. "Admission" means lawful entry. Petitioner was not an applicant for admission when he was detained by ICE officials on September 10, 2025, because he was not seeking lawful entry into the United States. Rather, Petitioner had been residing in the Maryland area for at least fourteen years.

---

[41] *Quinapanta v. Bondi*, 2025 WL 3157867, at *4 (W.D. Wis. Nov. 12, 2025) ("As with all questions of statutory interpretation, [courts must] start with the text of the statute to ascertain its plain meaning.") (citation modified).
[42] 8 U.S.C. § 1225(b)(2)(A).
[43] *Granados*, 2025 WL 3296314, at *6 (citing 8 U.S.C. § 1225(b)(2)(A); *Lopez Benitez v. Francis*, 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025)).
[44] *Id*.

This conclusion is further supported by the majority of courts—including this very Court—that have concluded that detention for aliens already present in the United States is governed by § 1226(a), entitling them to an individualized bond hearing.[45]

Respondents ask this Court to abandon our approach in prior cases and the majority approach.[46] Respondents contend, *inter alia*, that Petitioners have "provide[d] no legal authority for the proposition that after some undefined period of time residing in the interior of the United States without lawful status, the INA provides that an applicant for admission is no longer seeking admission, and has somehow converted to a status that renders [Petitioner] eligible for a bond hearing…."[47] But this Court, on two occasions, has provided the authority that Petitioner relies on—and that Respondents claim does not exist.[48]

Respondents "maintain that … Petitioner is nonetheless an application for admission subject to mandatory detention under § 1225(b)(2) in light of the legislative history [and] the reasoning outlined by the Supreme Court in *Jennings*…."[49] The Court disagrees. The vast majority of courts throughout the country disagree. Based

---

[45] *See, e.g.*, *Kostak v. Trump*, 2025 WL 2472136, at *3 (W.D. La. Aug. 27, 2025); *Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025); *Garcia v. Noem*, 2025 WL 2549431, at *6 (S.D. Cal. Sept. 3, 2025); *Jimenez v. FCI Berlin, Warden*, 2025 WL 2639390, at **3–10 (D.N.H. Sept. 8, 2025); *Lopez Santos v. Noem*, 2025 WL 2642278, at *4 (W.D. La. Sept. 11, 2025); *Hasan v. Crawford*, 2025 WL 2682255, **5–6 (E.D. Va. Sept. 19, 2025); *Giron Reyes v. Lyons*, 2025 WL 2712427, at *5 (N.D. Iowa Sept. 23, 2025); *Lopez v. Hardin*, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Belsai D.S. v. Bondi*, 2025 WL 2802947, at **5–6 (D. Minn. Oct. 1, 2025); *Martinez*, 2025 WL 3124847, at **2–3; *Valerio v. Joyce*, 2025 WL 3251445, at *3 (D.N.J. Nov. 21, 2025); *Elias v. Noem*, 2025 WL 3228262, at **5–7 (D. Idaho Nov. 19, 2025).

[46] *See* R. Doc. 15 at 25.

[47] *See id.* at 20 (citation modified).

[48] *See Kostak*, 2025 WL 2472136, at **2–3; *see Martinez*, 2025 WL 3124847, **2–3; *see also* R. Doc. 7-1 at 7, 17; *see also* R. Doc. 15 at 20.

[49] *See* R. Doc. 15 at 25.

on this Court's reading of *Jennings*, it also appears that the Supreme Court disagrees. In fact, the Supreme Court interpreted §§ 1225(b) and 1226(a) holistically, contrary to Respondents' assertion. The *Jennings* Court understood § 1225(b) to control the detention of aliens "at the Nation's borders and ports of entry."[50] The Supreme Court's "language does not indicate broad application to all unadmitted immigrants in the United States. Rather … this language indicates that § 1225(b)(2) applies to those arriving in the country."[51] The *Jennings* Court distinguished §§ 1225(b) and 1226(a) to ensure that these sections would function in concert, not in conflict.[52] This Court will neither create such a conflict nor render § 1226(a) without effect.

Respondents lastly cite authorities from courts holding that § 1225(b) governs Petitioner's detention.[53] Having reviewed and considered all of the cited authorities, the Court finds these decisions unpersuasive.

The Court finds that Petitioner is likely to succeed on the merits of his claim that he is unlawfully detained and unlawfully determined to be ineligible for a bond hearing under § 1225(b)(2). It is undisputed that Petitioner was present within the United States, not at a port of entry or border of the United States, and not seeking lawful entry, when he was detained on September 10, 2025.[54] Accordingly, "Respondents' invocation of § 1225(b) as applied to Petitioner is inconsistent [with]

---

[50] *Jennings*, 583 U.S. at 287.
[51] *Morales Chaves v. Dir. of Detroit Field Off.*, 2025 WL 3187080, at *5 (citing *Contreras-Cervantes v. Raycraft*, 2025 WL 2952796, at *7 (E.D. Mich. 2025)).
[52] *See Jennings*, 583 U.S. at 289.
[53] *See* R. Doc. 15 at 25–26.
[54] *See* R. Doc. 7-1 at 13; *see also* R. Doc. 15 at 9; *see Martinez*, 2025 WL 3124847, at *3 (holding that an alien who has been "present" for thirteen years is not arriving and, thus, whose detention is not governed by § 1225).

the statutory framework distinguishing between entry-based and interior detention authority."[55] Because Petitioner resided within the United States when detained on September 10, 2025, § 1226(a)—not § 1225(b)—governs Petitioner's detention and requires that Petitioner receive a bond hearing.[56]

### B. Imminent Risk of Irreparable Harm

The Fifth Circuit has recognized that "[w]hen an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."[57] Petitioner "faces a period of mandatory detention ... likely in violation of the statutory scheme."[58] The erroneous deprivation of liberty, "for even minimal periods of time, unquestionably constitutes irreparable injury."[59] Accordingly, this factor weighs in Petitioner's favor.

### C. Balance of Equities and the Public Interest

The public has a strong interest in the Government complying with its own laws.[60] "Because the Court has also found it likely that ["Respondents"] [have] unlawfully detained [Petitioner] under Section 1225(b)(2), 'neither equity nor the public's interest are furthered' by detaining [Petitioner] without the opportunity for release on bond."[61] Further, requiring a bond hearing—a consistent practice until

---

[55] *Maldonado v. Cabezas*, 2025 WL 2985256, at *4 (D.N.J. Oct. 23, 2025) (citing *Zumba v. Bondi*, 2025 WL 2753496, at *8 (D.N.J. Sept. 26, 2025)).

[56] *See Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

[57] *Book People, Inc. v. Wong*, 91 F.4th 318, 340–41 (5th Cir. 2024).

[58] *See S.D.B.B. v. Johnson*, 2025 WL 2845170, at *10 (M.D.N.C., Oct. 7, 2025).

[59] *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

[60] *See Kostak*, 2025 WL 2472136, at *4 (citing *Doe v. Noem*, 778 F. Supp. 3d 1151, 1166 (W.D. Wash. Apr. 17, 2025) ("The public has a vested interest in a federal government that follows its own regulations.")).

[61] *See Rodriguez*, 2025 WL 2782499, at *10 (quoting *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022)).

late—imposes virtually no burden on Respondents.[62] Accordingly, this factor weighs in Petitioner's favor as well.

Thus, Petitioner satisfies the elements necessary to grant a motion for temporary restraining order requiring Respondents to hold an individualized bond hearing.

### D. Scope of the Injunction

Rule 65 of the Federal Rules of Civil Procedure requires that an injunction state its terms specifically.[63] Petitioner requests that the Court grant his Motion and order his immediate release. The Court finds that the appropriate relief is for Respondents to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to § 1226(a) no later than Tuesday, December 16, 2025. If the hearing is not conducted, Petitioner shall be released until it has been determined that he should be detained by the Attorney General as set forth in § 1226.

## III.    Whether Immediate Release is Appropriate

In his Motion, Petitioner seeks his immediate release from detention.[64] Yet, he cites no caselaw requiring, instructing, or, much less, persuading this Court that it must release Petitioner, through a temporary restraining order, because he has been detained without a bond hearing.[65] Indeed, the authority that Petitioner largely relies

---

[62] *See Guerrero Orellana*, 2025 WL 2809996, at *10.

[63] Fed. R. Civ. P. 65(d)(1).

[64] *See* R. Doc. 7 at 1; *see* R. Doc. 7-1 at 6, 24.

[65] In his Reply, Petitioner relies on *Granados v. Noem*, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025) for the position that immediate release is the only available relief for Petitioner. *See* R. Doc. 16 at 7. But Petitioner cannot argue from a procedural posture that he does not occupy. That is, the court in *Granados* granted the petitioner's habeas corpus petition—not a temporary restraining order. *See id.* at *6–7. Further, the respondents in *Granados* admitted that the petitioner's only available relief through his habeas petition was release from custody. *See id.* at *7. Lastly, the court in *Granados*

upon indicates that a bond hearing is a predicate of any release from detention.[66] Absent any authority supporting the extraordinary remedy of Petitioner's immediate release through a motion for a temporary restraining order, this Court will not create one.

Rather, the Court will deny this request in light of the injunctive relief granted to Petitioner. If the individualized bond hearing is not held, Respondents are ordered to release Petitioner.

## IV.    Whether Security Should be Required

"The court may issue preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[67] Further, it is within the Court's discretion "to require no security at all."[68] Accordingly, the Court will not require Petitioner to post security.

## V.    Conclusion

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order (R. Doc. 7) is **GRANTED** insofar as Petitioner is entitled to an individualized bond hearing under Section 1226(a). However, Petitioner's Motion is **DENIED** insofar as Petitioner requests immediate release.

---

relied on *Belsai D.S. v. Bondi*, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025). The *Belsai D.S.* court held that the petitioner's detention—albeit unlawful—could continue so long as the petitioner was provided a bond hearing. *See id.* Here, Petitioner's Motion for Temporary Restraining Order is the instant Motion before this Court.

[66] *See Garcia Domingo v. Castro*, 2025 WL 2941217, at *4 (D.N.M. Oct. 15, 2025); *see also Kostak*, 2025 WL 2472136, at **2–3; *see Martinez*, 2025 WL 3124847, **2–3.

[67] Fed R. Civ. P. 65(c).

[68] *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978).

**IT IS FURTHER ORDERED** that Respondents are to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to Section 1226(a) no later than **Tuesday, December 16, 2025**.

**IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by **Tuesday, December 16, 2025**, Petitioner shall be released until it has been determined that he should be detained by the Attorney General as set forth in Section 1226.

**THUS DONE AND SIGNED** in Chambers this 9th day of December, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**